### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                       : Chapter 13
**Shabazz-Jones, Raheem**

    **Debtors/ Respondents**          : 15-13507 jkf

### Answer to Motion of
### For Relief from Automatic Stay

    Debtor, Shabazz-Jones, Raheem, by and through his undersigned attorney, hereby provides the following answers to the Motion for Relief from Stay filed by Nationstar Mortgage LLC. These responses are made without prejudice to debtor's right to present additional facts or contentions at trial based upon information hereinafter obtained or evaluated. Debtor specifically reserves the right to supplement or amend his responses or present additional facts and contentions at a later date to any of the answers given.

    1.    Denied.  The allegation contained herein are directed to a party other than the answering debtor, and it is denied as no response is required.

    2.    Admitted in part.  It is admitted that "Debtor is the owner of the premises 5923 Shisler Street, Philadelphia, PA 19149.   However, the Debtor denies the remaining averments contained in this Paragraph which consist of mischaracterization or summarization of documents that speak for themselves and are denied as no response is required.

    3.    Denied.  The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

    4.    Admitted.

    5.    Denied as stated.  The filing of a bankruptcy petition immediately puts into effect the automatic stay, which prevents creditors from taking any further actions against the debtor or the debtor's property with respect to claims arising prior to commencement of the case. See 11 U.S.C. Section 362.  By way of further answer, the allegation contained herein are directed to a party other than the answering debtor, and they are denied as no response is required.   Proof thereof is demanded.

    6.    Denied.  Proof thereof is demanded.

    7.    Denied.  The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

      8.      Denied. Debtor can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement. Strict proof is hereby demanded.

      9.      The allegation is a legal conclusion of law to which no answer is required.

      10.      Denied. Debtor(s) can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement. Strict proof is hereby demanded.

      For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtor prays that the motion be denied, and such other relief as is just and proper. The Debtor specifically reserves the right to supplement the answer at or prior to the hearing thereon.

Dated: July 13, 2016

"/s/" Mitchell J. Prince
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtor
P.O. Box 123
Narberth, PA 19072
(215) 893-9357